FRED B. BURNSIDE (State Bar No. 211089)
fredburnside@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: fredburnside@dwt.com

NANCY THOMAS (State Bar No. 236185)
nancythomas@dwt.com
MARCY BLATTNER MICALE (State Bar No. 319868)
marcymicale@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Attorneys for Defendant TASKRABBIT, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CROSS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TASKRABBIT, INC.,<br><br>Defendant. | Case No. ___3:25-cv-6161__________<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. §§ 1332(d), 1453(b)]<br><br>CLASS ACTION<br><br>State Action Filed: June 12, 2025<br>Action Removed: July 22, 2025<br><br>(Removed from Contra Costa County Superior Court, Case No. C25-01684) |

**TO PLAINTIFF JOSHUA CROSS AND HIS ATTORNEYS OF RECORD, AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Taskrabbit, Inc. hereby removes this case from the Superior Court of California, County of Contra Costa, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In removing this action, Defendant avers as follows:

1. **Jurisdiction**. This action is within the original jurisdiction of this Court and is properly removed under 28 U.S.C. §§ 1332, 1441, and 1446. Specifically, removal is proper under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the putative class is a citizen of a state different from any defendant. As set forth below, this action satisfies each of the requirements of 28 U.S.C. § 1332(d)(2) for original jurisdiction under CAFA.

**Procedural History and Timeliness of Removal**

2. **The State Action**. On June 12, 2025, Plaintiff Joshua Cross commenced a putative class action in the Superior Court of California, County of Contra Costa, by filing a Complaint entitled *Joshua Cross, individually and on behalf of all other similarly situated v. Taskrabbit, Inc.*, designated as Case No. C25-01684 (the State Action). Plaintiff served the Complaint on Defendant on June 23, 2025. A true and correct file-stamped copy of the Complaint is attached as **Exhibit A**.

3. All other documents filed in the State Action are attached to this notice collectively as **Exhibit B**.

4. Exhibits A and B include all process, pleadings, and orders, including the Complaint, served upon Defendant in the State Action and are attached pursuant to 28 U.S.C. § 1446(a).

5. **Timeliness of Removal**. This removal is timely in that the summons and Complaint in the State Action were served on Defendant no earlier than June 23, 2025. 28

U.S.C. § 1446(b). This was the first process effected on Defendant in the State Action. Defendant files this notice within thirty (30) days of being served with the Complaint.

**Basis for Removal Jurisdiction Under CAFA**

6. **CAFA Jurisdiction**. CAFA amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if (a) the proposed class members number at least 100, (b) any member of a putative class is a citizen of a state different from that of any defendant, and (c) the matter in controversy exceeds $5,000,000, exclusive of interest and costs. Defendant denies any and all liability with respect to the claims alleged in this action, denies that class certification is proper, denies that Plaintiff or any members of any putative class he purportedly seeks to represent are entitled to recover any relief from Defendant, as requested in the Complaint or otherwise, and expressly reserves all of its rights in these regards. But for the purposes of meeting the jurisdictional requirements of removal *only*, Defendant submits that this Court has subject matter jurisdiction over all claims alleged in the State Action and it is properly removed pursuant to CAFA, 28 U.S.C. §§ 1332(d), for at least the following reasons:

7. **Putative "Class" Definitions**. Plaintiff purports to bring the State Action on behalf of a putative class defined as "All persons, who within the applicable state [sic] of limitations, were ever charged fees beyond what was advertised on Defendant's website or app." (Compl. ¶ 47.)

8. **Plaintiff's Proposed Class Exceeds 100 Members**. This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" To remove a class action under CAFA, the "number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that the putative members of the class "number well into the thousands" and are "so numerous that the joinder of all such persons is impracticable." (Compl. ¶ 50.) Accordingly, Plaintiff's proposed class has 100 or more members, and this action is a covered class action for CAFA purposes. *See* 28 U.S.C. § 1332(d)(1)(B).

9. **Diversity**. The State Action satisfies CAFA's diversity requirements. 28 U.S.C. § 1332(d)(2)(A).

a. As of the date the Complaint was filed in the State Action and as of the date of this removal, Plaintiff was and is a citizen of California. (*See* Compl. ¶ 13.)

b. As of the date the Complaint was filed in the State Action and as of the date of this removal, at least one member of Plaintiff's proposed class, which consists of all Taskrabbit users who were charged a trust and support fee nationwide, was and is a citizen of a state other than California or Delaware.

c. As of the date the Complaint was filed in the State Action and as of the date of this removal, Defendant Taskrabbit is a corporation organized under the laws of the State of Delaware with its principal place of business in California. Thus, Taskrabbit is and at all relevant times has been, a citizen of Delaware and California. 29 U.S.C. § 1332(c)(1).

d. Because Defendant is a citizen of Delaware and California and putative class members include citizens of states other than Delaware and California, minimal diversity exists, as required under CAFA. 28 U.S.C. § 1332(d)(2)(A).

10. **Matter in Controversy—Alleged Restitution/Damages**. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Without admitting that it engaged in any improper conduct, that Plaintiff's claims have any merit, that this action is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure, or that Plaintiff or any member of any putative class he purports to represent is entitled to recover any relief from Defendant, as requested in the Complaint or otherwise, Defendant avers that the total matter in controversy in the State Action exceeds the sum of $5,000,000, exclusive of interest and costs, as required to establish CAFA jurisdiction. 28 U.S.C. § 1332(d)(6).

11. In removing an action pursuant to CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924-25 (9th Cir. 2019) (quoting

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)). Defendant meets this standard here.[1]

12. The Complaint contains three causes of action against Defendant alleging (1) unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); (2) violation of California's Consumer Legal Remedies Act ("CLRA") in violation of Cal. Civ. Code § 1750 *et seq.*; and (3) violations of California's False Advertising Law ("FAL") in violation of Cal. Bus. & Prof. Code § 17500 *et seq.* (*See* Compl. ¶¶ 56-90.) Plaintiff purports to bring all three causes of action on behalf of the proposed nationwide class. (*Id.*)

13. All three claims challenge Defendant's Trust and Support Fees on grounds that they are "a hidden fee to be charged that is not included in the advertised price." (Compl. ¶ 7; *see also* Compl. ¶¶ 61 (basis for UCL claim); 74 (basis for CLRA claim); and 88 (basis for FAL claim).) Plaintiff seeks restitution and disgorgement of the Trust and Support Fees. (Compl. ¶¶ 69, 90, Prayer for Relief (c); *see also* Compl. ¶ 43 (alleging "Plaintiff would not have paid the costs of the Trust and Support Fees" absent the challenged disclosures.) Defendant denies Plaintiff's theory in its entirety, including any assertion that its disclosure of the Trust and Support Fees was not clear and conspicuous or that the Fees were in any way hidden.

14. During the alleged class period, total Trust and Support Fees collected nationwide have exceeded $5,000,000. Without conceding that the alleged measure of damages would be the proper measure of relief for any of the claims, it is reasonably possible that the aggregated restitution for the putative nationwide class would exceed $5,000,000 in liability based on the claims alleged in the Complaint.

15. **Matter in Controversy—Punitive Damages.** Plaintiff also seeks punitive damages. (Compl., Prayer for Relief, ¶ (d).) The Court may consider punitive damages,

[1] Defendant discusses the allegations in the Complaint that are the subject of this matter and estimate the amounts in controversy solely to demonstrate that the CAFA threshold of $5,000,000 is surpassed. In doing so, Defendant does not admit—and rather, expressly denies—that Plaintiff will be able to certify a class in this matter, that Plaintiff will be able to prevail on any of his theories of liability, or that Plaintiff or any individuals he seeks to represent are entitled to damages, penalties, or any other relief, in any particular amount or at all.

aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy). Any such punitive damages could be substantial and further confirm that the amount in controversy is exceeded.

16. **Matter in Controversy—Attorneys' Fees**. Plaintiff also seeks an award of attorneys' fees. (*See* Compl., Prayer for Relief, ¶ (e).) Attorneys' fees can exceed six figures in a class action and are properly aggregated and considered for purposes of determining the amount in controversy under CAFA. *Arias*, 936 F.3d at 927-28 (a court must include attorneys' fees when assessing whether the amount in controversy requirement is met); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (attorneys' fees awarded under fee-shifting statutes are included in the amount in controversy).

17. In sum, based on Plaintiff's allegations and theories of recovery, the amount in controversy far exceeds $5,000,000.

18. **No CAFA Exclusions**. This action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because fewer than one-third of the putative class members are citizens of California, the state in which the action was filed, and no other exclusion applies.

**Other Considerations**

19. **Joinder of Other Defendants**. Defendant is unaware of any other defendants appearing, or being served, in this action.

20. **Venue**. Venue is set in the Northern District of California pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending, in Contra Costa County, is located within this District.

21. **Notice Provided to State Court**. Pursuant to 28 U.S.C. § 1446(d), Defendant will notify the Superior Court of California, County of Contra Costa, of the filing of this Notice of Removal by filing a document entitled "Notice of Removal of Civil Action to the United States District Court for the Northern District of California," with a copy of this Notice attached.

Accordingly, Defendant respectfully submits that this action is properly removed pursuant to CAFA. Defendant intends no admission of fact, law, or liability by this notice, and reserve all defenses, motions, and pleas.

DATED: July 22, 2025

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ Nancy R. Thomas
Nancy R. Thomas

Attorneys for Defendant
TASKRABBIT, INC.

# EXHIBIT A

Scott Edelsberg (SBN 330090) SBN#330990
**EDELSBERG LAW, P.A.**
scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Tel: (305) 975-3320

**KALIELGOLD PLLC**
Jeffrey D. Kaliel (SBN 238293)
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielpllc.com

Sophia G. Gold (SBN 307971)
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783
sgold@kalielgold.com

*Attorneys for Plaintiff and the Proposed Class*

Per local Rule, This case is assigned to Judge Weil, Edward G, for all purposes.

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF CONTRA COSTA**

| | |
|---|---|
| JOSHUA CROSS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TASKRABBIT, INC.,<br><br>Defendant.<br><br>SUMMONS ISSUED | Case No. C25-01684<br>Assigned to:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, et seq.;**<br><br>**VIOLATIONS OF THE CALIFORNIA CIVIL CODE § 1750, et seq.; AND**<br><br>**VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500, et seq.** |


Processed by Court on 6/16/2025 11:36 AM

Plaintiff Joshua Cross ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Complaint against Defendant TaskRabbit, Inc. ("TaskRabbit" or "Defendant"). Plaintiff makes the following allegations based upon, *inter alia*, the investigation made by his counsel, and based upon information and belief, except as to those allegations specifically pertaining to Plaintiff, which are based on his personal knowledge.

## NATURE OF ACTION

1. This is a proposed class action seeking monetary damages, restitution, and equitable relief from Defendant's misrepresentations and omissions arising from its deceptive and fraudulent advertising practices.

2. Defendant operates an online marketplace that matches freelance labor with local demand, allowing people to find help with tasks including personal assistance, furniture assembly, moving, delivery, and handyman work.

3. TaskRabbit works by allowing users to post requests for help and/or matching them with Taskers who can perform those tasks.

4. TaskRabbit permits clients to browse Taskers' profiles, which display their hourly rates in bold lettering, along with their skills, experience, and reviews.

5. This case concerns the unfair and deceptive advertising practices utilized by Defendant to deceive consumers into using its website to hire workers.

6. On its website, Defendant lures consumers in with the (false) promise of simple, flat hourly rate for specialized work.

7. However, contrary to the expectations of consumers and California law, Defendant then waits until a consumer has selected a worker, filled out numerous pieces of personal information about themselves and the proposed task, and reached the very end of the checkout process to inconspicuously disclose a hidden fee to be charged that is not included in its advertised price, including a "Trust and Support Fee."

8. Defendant's tactics are a classic bait-and-switch referred to as "drip pricing," luring in consumers with the promise of low advertised prices, and then waiting until the last minute for consumers

to find that they will be charged substantially more for their hired work as a result of Defendant's undisclosed fee.

9. Moreover, the Trust and Support Fees themselves are a sham, classic "junk fees" that do not correspond to any actual extraneous service which would reasonably be separated from the all-in price. These fees charged by Defendant are merely a second payment—in the form of a junk fee—for the service that Defendant purports to be providing.

10. As a result, the Trust and Support Fees are simply a means for Defendant to misrepresent the true price of its services in its advertising and reap additional profits from an unfair competitive advantage.

11. Accordingly, Plaintiff and the proposed Class members paid substantially more than Defendant purported to offer in its online advertisements.

12. Plaintiff, individually and on behalf of all other similarly situated, seeks to end Defendant's deceptive practices and obtain damages, restitution, and equitable relief, as set forth below.

## PARTIES

13. Plaintiff Cross is and was, at all relevant times, a citizen of the State of California, residing in Concord, California.

14. Defendant TaskRabbit is a Delaware corporation with headquarters in San Francisco, California. Defendant has transacted business in this County and throughout the United States.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to Cal. Code Civ. Proc. § 410.10 and Cal. Bus. & Prof. Code §§ 17203-17204, 17604. This action is brought as a class action on behalf of Plaintiff and Class members pursuant to Cal. Code Civ. Proc. § 382.

16. This Court has personal jurisdiction over Defendant because Defendant is headquartered in California and/or regularly conducts business in California, including connecting taskers here. Defendant has sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market, including in Los Angeles, which has caused both obligations and liability of Defendant to arise in Los Angeles.

17. Plaintiff and the proposed Class have suffered injury as a result of Defendant's acts in this District.

18. Venue is proper in this Court pursuant to Cal. Code Civ. Proc. §§ 395 and 395.5 because Defendant regularly conducts business in this County, and unlawful acts or omissions have occurred in this County.

## COMMON FACTUAL ALLEGATIONS

### A. Defendant's Business.

19. Defendant connects individuals seeking help with tasks to a large network of taskers who work on a freelance basis.

20. TaskRabbit has both an app and website, where users can log in and connect with taskers who have experience handling various jobs. The user is prompted to fill in substantial information, including the task, their location, and any notes. The user is then provided with various taskers who (supposedly) have experience and/or can handle the task the user is seeking help with.

21. Next to each tasker is their hourly rate in large bold font represented as $__/hr. At this point, there is no mention of any additional fees.

22. Next, Defendant asks you to fill in more information: the time and date of your proposed task. From there, a user is finally directed to the final checkout page in which they are asked to enter their payment information. Only on this final page, in the bottom right-hand corner are consumers provided with what TaskRabbit calls a "Trust and Support Fee" at the bottom of the page. Accordingly, the price advertised by Defendant on its website as to the hourly rate is a falsehood and fails to reflect the actual costs to consumers when they complete the transaction and over the course of purchase.

23. Defendant uses these deceptive advertising practices because the advertised price is important to consumers. Consumers are more likely to hire a worker if they believe they are getting a good deal.

24. Advertising a price that does not reflect the actual cost to the consumer is deceptive and illegal. *See e.g.* Cal. Civ. Code § 1770(a)(29) (it is an unfair and deceptive practice to "advertis[e], display[], or offer[] a price for a good or service that does not include all mandatory fees or charges.").

25. But Defendant does just that. Defendant advertises the worker's rates without disclosing that consumers will be subject to various additional Trust and Support Fees undisclosed in the advertised price. As a result, everything about Defendant's advertising is false.

26. Defendant's advertising and tactics are deceptive and unfair because it "interferes with consumers' ability to price-compare and manipulates them into paying fees that are either hidden entirely or not presents until late in the transaction, after the consumer has already spent significant time selecting and finalizing a product or service plan to purchase."[1]

27. Defendant's tactics are deceptive, unfair, and illegal under California law.

**B. Drip Pricing**

28. Defendant's deceptive checkout tactics are a classic case of "Drip pricing." "Drip pricing refers to a strategy where additional fees are revealed incrementally during the purchase process. It starts with a low base price but adds mandatory charges such as service fees, taxes and handling costs as customers progress through checkout. Critics note that this practice can mislead consumers about the true cost."[2]

29. "Drip pricing" works because as research has shown, "our brains tend to fix on the price we first encountered even after we learn the total cost. And even when consumers learn about the hidden fees, they often pay up rather than shop around . . . because they figure that 'investing more time into searching for it will not be worthwhile."[3]

30. Reasonable consumers like Plaintiff understand that the advertised cost they are presented with, absent any additional disclosure, will reflect the total cost they will pay. Moreover, reasonable consumers certainly will not expect that the actual price advertised is subject to substantial, superfluous fees, such as Trust and Support Fees, that are not connected to any additional service provided.

---

[1] Bringing Dark Pattern to Light, FTC Staff Report (September 2022), available at https://www.ftc.gov/system/files/ftc_gov/pdf/P214800%20Dark%20Patterns%20Report%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%20-%20FINAL.pdf

[2] https://www.pymnts.com/news/regulation/2024/regulators-have-been-sounding-the-drip-pricing-alarm-for-years/ (last accessed June 1, 2025).

[3] https://www.nytimes.com/interactive/2024/02/23/business/what-is-drip-pricing.html (last accessed June 1, 2025).

31. Defendant's undisclosed additional fees are precisely the type of "Junk Fees" that have come under government scrutiny in recent years:

> "Junk fees are fees that are mandatory but not transparently disclosed to consumers. Consumers are lured in with the promise of a low price, but when they get to the register, they discover that price was never really available. Junk fees harm consumers and actively undermine competition by making it impractical for consumers to compare prices, a linchpin of our economic system."[4]

32. As the Federal Trade Commission said recently in its effort to combat Junk Fees,

> "[M]any consumers said that sellers often do not advertise the total amount they will have to pay, and disclose fees only after they are well into completing the transaction. They also said that sellers often misrepresent or do not adequately disclose the nature or purpose of certain fees, leaving consumers wondering what they are paying for or if they are getting anything at all for the fee charged." [5]

33. In its own effort to combat junk fees, the State of California recently expanded its Consumer Legal Remedies Act ("CLRA") with an amendment to make "drip pricing" illegal, in cases, like this, involving advertising a price that is less than the actual price that a consumer will have to pay for a good or service. Cal. Civ. Code § 1770(a)(29). Under the updated California law, it is now illegal to advertise a low price for a product, only for that product to be subject to additional or mandatory fees later. In other words, "***the price listed or advertised to the consumer must be the full price that the consumer is required to pay***." [6] (emphasis added).

34. As the California Department of Justice stated:

> "Businesses are free to explain how they set their prices or to subsequently itemize the charges that make up the total price that they charge customers. However, the price they advertise or display must be the total price that customers will have to pay for the good or service. Knowing the price of a good of service is essential to competition, and displaying a price that is less than what the customer will actually be charged is deceptive."

*Id*. at p. 4.

---

[4] The White House, *The Price Isn't Right: How Junk Fees Cost Consumers and Undermine Competition*, (Mar. 5, 2024), available at https://www.whitehouse.gov/cea/written-materials/2024/03/05/the-price-isnt-right-how-junk-fees-cost-consumers-and-undermine-competition/#_ftnref3

[5] Federal Trade Commission, *FTC Proposes Rule to Ban Junk Fees – Proposed rule would prohibit hidden and falsely advertised fees*, (Oct. 11, 2023), available at https://www.ftc.gov/news-events/news/press-releases/2023/10/ftc-proposes-rule-ban-junk-fees.

[6] *See* California Department of Justice, Office of the Attorney General, *SB 478 Frequently Asked Questions*, available at https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf (last accessed July 18, 2024).

35. Federal guidance has similarly criticized the exact type of "drip pricing" tactics utilized by Defendant. In its 2013 publication ".com Disclosures: How to Make Effective Disclosures in Digital Advertising", the FTC makes clear that when advertising and selling are combined on a website, and the consumer will be completing the transaction online, the disclosures should be provided before the consumer makes the decision to buy - for example, before the consumer "add[s] to shopping cart."[7]

36. Defendant violates California law and federal guidance by adding the Trust and Support Fees as line items well after the consumer "add[s] to shopping cart," hidden in the fine print of the contract it asks consumers to accept after a lengthy application process, and by failing to affirmatively disclose these fees in its advertised prices.

37. Worse yet, these surreptitious Trust and Support Fees are arbitrary and provide no additional value to consumers. They are not tied to any actual services rendered—such as vetting contractors or facilitating communications—and fail to reflect any measurable value. The fees vary inconsistently across transactions without regard to the scope, nature, or complexity of the underlying job, further underscoring their lack of legitimacy. Rather than serving a legitimate business purpose, these charges function solely to pad Defendant's profit margins. In effect, Defendant imposes a second, undisclosed payment on consumers after they are already engaged, exploiting their reliance on the platform under the guise of a fabricated service.

38. Defendant's practice of imposing its hidden and superfluous Trust and Support Fees on unsuspecting consumers is intentionally deceptive, unfair, and contrary to law.

**C. Plaintiff's Experience.**

39. In or around May 2024, Plaintiff used TaskRabbit to hire a tasker for cleaning services. Plaintiff saw on Defendant's website that there was a tasker who had an hourly rate of approximately $39.00. Nowhere on the website advertisement for the tasker selected by Plaintiff was there a disclosure that the advertised rate was subject to additional fees, let alone a Trust and Support Fee.

[7] *See* Fed. Trade Comm'n, *.com Disclosures: How to Make Effective Disclosures iN Digital Advertising* at ii, 14 (Mar. 2013), available at https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-staff-revises-online-advertising-disclosure-guidelines/130312dotcomdisclosures.pdf.

40. In or around October 2024, Plaintiff used TaskRabbit to hire another tasker for cleaning services. Plaintiff saw on Defendant's website that there was a tasker who had an hourly rate of approximately $71.00. Nowhere on the website advertisement for the tasker selected by Plaintiff was there a disclosure that the advertised rate was subject to additional fees, let alone a Trust and Support Fee.

41. Due to Defendant's lack of affirmative disclosure in its advertised prices, Plaintiff was charged a $28.88 Trust and Support Fee in May 2024 and $10.76 Trust and Support Fee in October 2024 without his consent or knowledge.

42. Plaintiff relied on Defendant's representations about the initial hourly charge of the tasker for the job when he entered all of his information and completed the checkout process in May 2024 and October 2024.

43. But for Defendant's deceptive misrepresentations and omissions, Plaintiff would not have paid the costs of the Trust and Support Fees. Further, Plaintiff would not have used Defendant's services if he knew the advertised price was a complete falsehood due to Defendant's fee increase tactics.

**D. Plaintiff's Experience is Representative of Defendant's Deceptive Tactics**

44. A review of numerous experiences with Defendant confirms Plaintiff's experience is far from unusual and is indicative of a systemic and deceptive nationwide practice. Defendant uses its deceptive online offering to bate in consumers, only to skyrocket their monthly prices, despite continuing to offer identical units at these short-lived and deceptive low-monthly rates.

45. Countless individuals on Better Business Bureau and Reddit similarly report instances of shocking rate increases.[8]

46. Defendant's false advertising practices have left consumers footing the bill for outrageous costs that were intentionally undisclosed in order to induce to bait and switch them into paying far more than Defendant purported to offer them.

[8] *See, e.g.,* https://www.reddit.com/r/TaskRabbit/comments/s4jdjm/just_noticed_that_trust_and_support_fee_is_now_40/

## CLASS ALLEGATIONS

47. Pursuant to Cal. Code Civ. Proc. § 382 and Cal. Civ. Code § 1781, Plaintiff brings this action individually and on behalf of a proposed Class of similarly situated persons defined as follows:

> **All persons who, within the applicable state of limitations, were ever charged fees beyond what was advertised on Defendant's website or app.**

48. Excluded from the Class are Defendant, any entities in which it has a controlling interest, and any legal representative, heir or assign of Defendant. Also excluded from the Class are the presiding judge(s) in this case, their staff, and any members of their immediate family.

49. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new information obtained during discovery.

50. **Numerosity**: At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes and alleges that the Class members number well into the thousands, and thus are so numerous that joinder of all members is impractical. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery of documents and information in the possession of Defendant.

51. **Commonality and Predominance**: There are questions of law and/or fact common to the Class, such that there is a well-defined community of interest among the Class members. These questions predominate over questions that may affect only individual members as Defendant has acted on grounds generally applicable to the Class. Moreover, adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Such common legal or factual questions include, but are not limited to, the following:

a. Whether Defendant unfairly, unethically, and/or deceptively charged extra fees to its customers;

b. Whether Defendant unfairly, unethically, and/or deceptively failed to disclose facts regarding its extra fees;

c. Whether Defendant's extra fees are an unfair, illegitimate, and/or anti-competitive junk fee;

d. Whether Defendant's misrepresentations and omissions regarding its extra fees were

material;

e. Whether Defendant's alleged misconduct misled or had the tendency to mislead consumers;

f. Whether Defendant engaged in unfair and/or fraudulent business practices under the laws asserted;

g. Whether Defendant's conduct violated California's Unfair Competition Law;

h. Whether Defendant's conduct violated the California Consumers Legal Remedies Act;

i. Whether Defendant's conduct violated California's False Advertising Law;

j. Whether Defendant acted in bad faith when it charged extra fees;

k. Whether Plaintiff and the Class were harmed by Defendant's practices, omissions and/or misrepresentations; and

l. Whether Plaintiff and the Class are entitled to actual, compensatory, and/or nominal damages, and the proper measure thereof.

52. **Typicality**: Plaintiff, just like many other consumers, was charged Trust and Support Fees that he was not aware of and/or did not agree to. Plaintiff's claims are typical of the claims of the Class because Plaintiff and the Class have suffered the same or similar injury as a result of Defendant's false, deceptive, misleading, and bad faith conduct, and their claims assert the same legal theory. Moreover, Plaintiff is not subject to any unique defenses. As such, Plaintiff's claims are typical of the claims of the Class.

53. **Adequacy of Representation**: Plaintiff is an adequate representative of the Class. He is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of consumer class actions such as this, and who have the financial and legal resources necessary to litigate this case through resolution, including through trial and appeal, if necessary. Plaintiff does not have any interests adverse to those of the Class.

54. **Superiority**: A class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual Class members will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the comparatively modest amount of monetary relief available for each individual Class member. Moreover, prosecution of separate actions by individual Class members would create a risk

inconsistent or contradictory judgments, lead to the duplication of evidence, effort, and expense, and unnecessarily overwhelm the court system. The benefits of class treatment, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action. Plaintiff do not anticipate any difficulty in the management of this litigation as a class action.

55. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### Violation of California's Unfair Competition Law ("UCL")
### Cal. Bus. & Prof. Code § 17200, *et seq.*

56. Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1-55 by reference as if fully set forth herein.

57. The UCL defines "unfair competition" to include any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

58. A business practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practices against the gravity of the harm to the alleged victims.

59. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

60. The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unfair business practices—but only that such practices occurred.

61. Defendant's conduct described herein is "unfair" because it violates public policy and is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, and any utility of such practices is outweighed by the harm caused to consumers, including to Plaintiff, the Class, and the public. Specifically, Defendant, *inter alia*:

a. Deceptively charged consumers fees that were not disclosed in its advertisements;

b. Charged an unreasonable amount for said fees;

c. Failed to clearly and conspicuously apprise consumers of the various terms they were accepting, such as the Trust and Support Fee;

d. Failed to provide customers with an opportunity to reject and/or opt out of the Trust and Support Fee;

e. Violated California's Consumer Legal Remedies Act ("CLRA") as further described in Count II; and

f. Violated California's False Advertising Law as further described in Count III.

62. There were reasonably available alternatives to further Defendant's legitimate business interests, other than engaging in the misleading and deceptive conduct described herein.

63. Defendant's conduct is "fraudulent" because it was (and is) likely to deceive reasonable consumers, and did deceive reasonable consumers, including Plaintiff.

64. Defendant's conduct and actions are deceptive, untrue, and misleading to reasonable consumers, and will continue to mislead consumers in the future.

65. Plaintiff relied on Defendant's representations to become a consumer and user its services to hire a tasker.

66. As a direct and proximate result of Defendant's misconduct, Plaintiff and Class members have suffered and will continue to suffer damages.

67. Defendant's wrongful conduct is ongoing and presents a continuing threat to Class members.

68. Plaintiff lacks an adequate remedy at law.

69. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks restitution and disgorgement as a result of the unfair business practices described above.

## <u>SECOND CAUSE OF ACTION</u>

### Violation of California's Consumer Legal Remedies Act ("CLRA")
### Cal. Civ. Code § 17500, *et seq.*

70. Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1-55 by reference as if fully set forth herein.

71. Defendant's services utilized by Plaintiff and the Class are a "service" within the meaning of Cal. Civ. Code. § 1761(b).

72. Plaintiff and each member of the proposed Classes are consumers as defined by Cal. Civ. Code. § 1761(d).

73. Defendant's connecting and sale of services on its website to consumers were "transactions" within the meaning of Cal. Civ. Code. § 1761(e).

74. Defendant violated, and continues to violate, the CLRA by, *inter alia*:

a. Deceptively charging consumers fees that were not disclosed in its advertisements;

b. Charging an unreasonable amount for said fees;

c. Failing to clearly and conspicuously apprise consumers of the various terms they were accepting, such as the Trust and Support Fee;

d. Failing to provide customers with an opportunity to reject and/or opt out of the Trust and Support Fee;

e. Luring consumers in with the false promise of what appears to be a flat hourly rate and then charging undisclosed fees and substantial price increases.

75. Defendant's conduct violated the following provisions of Cal. Civ. Code § 1770:

a. "Representing that goods or services have . . . characteristics . . . that they do not have";

b. "Using deceptive representations . . . in connection with . . . services";

c. "Advertising goods or services with intent not to sell them as advertised"; and

d. "Advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges."

76. Defendant affirmatively and knowingly misrepresented to its consumers that they could use its services without any hidden fees.

77. Defendant's conduct and actions are deceptive, untrue, and misleading to reasonable consumers, and will continue to mislead consumers in the future.

78. Plaintiff relied on Defendant's representations to hire a tasker.

79. Despite being made aware of consumer complaints, Defendant did not take any effective measures to ensure that consumers are clearly made aware of its extra fees.

80. As a direct and proximate result of Defendant's misconduct, Plaintiff and Class members have suffered and will continue to suffer actual damages.

81. Defendant's wrongful conduct is ongoing and presents a continuing threat to Class members.

82. Pursuant to Cal. Civ. Code § 1780(a), Plaintiff seeks injunctive and declaratory relief on behalf of the general public for violations of the CLRA.

83. On June 9, 2025, pursuant to Cal. Civ. Code § 1782(a), Plaintiff notified Defendant in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that, *inter alia*, it correct same. Plaintiff will amend this Complaint to seek damages if Defendant does not comply with Cal. Civ. Code § 1782(b).

## THIRD CAUSE OF ACTION

**Violations of California's False Advertising Law ("FAL")**
**(Cal. Bus. & Prof. Code § 17500, *et seq*.)**

84. Plaintiff repeat, reallege, and incorporate the allegations in Paragraphs 1-55 by reference as if fully set forth herein.

85. The FAL prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value, and price.

86. The FAL provides that: "It is unlawful for any person, firm, corporation or association… with intent directly or indirectly… to perform services, or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made of disseminated before the public of this state… any statement, concerning that real or personal property or those services… or concerning any circumstance of fact connected with the proposed performance or disposition thereof, which is untrue and misleading." Cal. Bus. & Prof. Code § 17500.

87. Further, the FAL provides that: "Any advertisement, including any advertisement over the Internet, soliciting the purchase or lease of a product or service, or any combination thereof, that requires,

as a condition of sale, the purchase or lease of a different product or service, or any combination thereof, ***shall conspicuously disclose in the advertisement the price of all those products or services***." Cal. Bus. & Prof. Code §17509(a).

88. Defendant's online advertisements misrepresent the true costs of its contracts with a falsely deflated price, including failing to include the costs of the goods and services it charges its extra fees for.

89. Defendant knowingly misrepresents the costs of hiring taskers in its online advertisements.

90. Through its unfair acts, practices and statements, Defendant has improperly obtained money from Plaintiff and the class members. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all class members, and to prevent Defendant from continuing to violate the FAL, and/or from violating the FAL in the future. Otherwise, Plaintiff, the class members, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, pray for the following relief:

(a) An order certifying the Class as requested herein, appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

(b) An order declaring Defendant's conduct unfair and/or fraudulent;

(c) An order awarding Plaintiff and the Class restitution and/or disgorgement;

(d) An order awarding Plaintiff and the Class all damages available under the law, including compensatory, statutory, and punitive, as well as pre- and post-judgment interest;

(e) An order awarding Plaintiff and the Class their reasonable attorneys' fees and costs of suit, along with pre- and post-judgment interest; and

(f) An order awarding any other and further relief as this Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff and the Class members hereby demand a jury trial on all claims so triable.

Dated: June 12, 2025

**KALIELGOLD PLLC**

By:________________________

Jeffrey D. Kaliel (SBN 238293)
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielpllc.com

Sophia G. Gold (SBN 307971)
950 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783
sgold@kalielgold.com

**EDELSBERG LAW, P.A.**
Scott Edelsberg (SBN 330090)
scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Tel: (305) 975-3320

*Attorneys for Plaintiff and the Proposed Class*

# EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

TASKRABBIT, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JOSHUA CROSS, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Contra Costa County Superior Court
725 Court Street, Martinez, California 94553

CASE NUMBER: *(Número del Caso):* C25-01684

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey D. Kaliel, Sophia G. Gold, KalielGold PLLC, 490 43rd Street, No. 122, Oakland, CA 94609 (202) 350-4783

DATE: *(Fecha)* 6/13/2025 1:06 PM Clerk, by *(Secretario)* /s/ C. Padilla , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*



privacy, please press the Clear This Form button after y

Print this form | Save this form | Clear this form

Processed by Court on 6/16/2025 11:36 AM

Electronically Filed Superior Court of CA County of Contra Costa 6/13/2025 1:06 PM By: C. Padilla, Deputy

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jeffrey D. Kaliel (SBN 238293), Sophia G. Gold (SBN 307971), KalielGold PLLC, 490 43rd St., No. 122, Oakland, CA 94609 (202) 350-4783
TELEPHONE NO.: (202) 350-4783 FAX NO. :
EMAIL ADDRESS: jkaliel@kalielpllc.com; sgold@kalielgold.com
ATTORNEY FOR *(Name)*: Plaintiff, Joshua Cross

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA**
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, California 94553
BRANCH NAME:

CASE NAME:
JOSHUA CROSS vs TASKRABBIT, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: C25-01684 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: Cal. Civ. Code § 1750, Bus. & Prof. Code §§ 17500, et seq.
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 12, 2025
JEFFREY D. KALIEL
(TYPE OR PRINT NAME)
▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.





Processed by Court on 6/16/2025 11:36 AM

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



privacy, please press the Clear This Form button after y
Print this form Save this form Clear this form

Electronically Filed Superior Court of CA County of Contra Costa 6/23/2025 4:56 PM By: A. Steward, Deputy

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| KalielGold PLLC<br>Jeffrey Kaliel SBN 238293<br>1100 15th Street NW, 4th Floor<br>Washington, D.C. 20005<br>TELEPHONE NO: 2023504783 FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: jkaliel@kalielpllc.com<br>ATTORNEY FOR *(Name)*: Plaintiff | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Contra Costa<br>STREET ADDRESS: 725 Court Street P.O. Box 911<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Martinez, 94553-1233<br>BRANCH NAME: Martinez | |
| PLAINTIFF / PETITIONER: JOSHUA CROSS<br>DEFENDANT / RESPONDENT: TASKRABBIT, INC. | CASE NUMBER:<br>C25-01684 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>13539959 (25627750) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*: Declaration of Jeffrey D. Kaliel Regarding Proper Venue Under the Consumer Legal Remedies Act
3. a. Party served *(specify name of party as shown on documents served)*:
   TaskRabbit, Inc.
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Incorporating Services Ltd. - Person Authorized to Accept Service of Process, Lisa Gonzalez, Document Specialist
4. Address where the party was served:
   3500 South Dupont Highway, Camden, DE 19901
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Jun 23 2025 (2) at *(time)*: 12:32 PM
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
      from *(city)*: or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.



Processed by Court on 7/7/2025 9:27 AM

| PLAINTIFF / PETITIONER: JOSHUA CROSS<br>DEFENDANT / RESPONDENT: TASKRABBIT, INC. | CASE NUMBER:<br>C25-01684 |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify)*: TaskRabbit, Inc.
   under the following Code of Civil Procedure section:
   ☒ 416.10 (corporation)
   ☐ 416.20 (defunct corporation)
   ☐ 416.30 (joint stock company/association)
   ☐ 416.40 (association or partnership)
   ☐ 416.50 (public entity)
   ☐ other:
   ☐ 415.95 (business organization, form unknown)
   ☐ 416.60 (minor)
   ☐ 416.70 (ward or conservatee)
   ☐ 416.90 (authorized person)
   ☐ 415.46 (occupant)

7. **Person who served papers**
   a. Name: Thomas Newton
   b. Address: 1400 North McDowell Blvd Suite 300, Petaluma, CA 94954
   c. Telephone number: 800-938-8815
   d. **The fee** for service was: $115
   e. I am:
   (1) ☒ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☐ a registered California process server:
   (i) ☐ owner ☐ employee ☐ independent contractor
   (ii) Registration No:
   (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 23, 2025
Thomas Newton
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA 94954
800-938-8815

(SIGNATURE)

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org

F. Li
Court Executive Officer

| CASE NAME: JOSHUA CROSS VS. TASKRABBIT, INC. | CASE NUMBER: C25-01684 |
|---|---|

**NOTICE OF ASSIGNMENT TO DEPARTMENT 39 FOR CASE MANAGEMENT DETERMINATION**

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT.

1. THIS MATTER HAS BEEN ASSIGNED TO Department 39, Judge EDWARD G WEIL PRESIDING, FOR ALL PURPOSES; DEPARTMENT 39 IS DESIGNATED AS THE COMPLEX LITIGATION DEPARTMENT OF THE COURT AND AS SUCH (a) HEARS ALL CASES WHEREIN A DESIGNATION OF COMPLEX CASE HAS BEEN MADE AND (b) CONDUCTS HEARINGS, IN CASES THAT THIS COURT DETERMINES, ON A PRELIMINARY BASIS MAY BE COMPLEX, TO DETERMINE WHETHER THE CASE SHOULD REMAIN IN THE COMPLEX LITIGATION PROGRAM.
2. ALL COUNSEL ARE REQUIRED TO APPEAR IN DEPARTMENT 39 ON 10/10/2025 AT 8:30 AM
   a) IF THE CASE HAS BEEN DESIGNATED AS COMPLEX, AND NO COUNTER DESIGNATION HAS BEEN FILED, THE COURT WILL HOLD ITS FIRST CASE MANAGEMENT CONFERENCE AT THAT TIME.
   b) IF THE CASE HAS BEEN ASSIGNED TO DEPARTMENT 39 ON A PRELIMINARY BASIS THE COURT WILL HOLD A HEARING TO DETERMINE IF THE MATTER IS, OR IS NOT, COMPLEX. IF THE MATTER IS DETERMINED TO BE COMPLEX, THE COURT WILL THEN PROCEED WITH THE FIRST CASE MANAGEMENT CONFERENCE.
3. EACH PARTY SHALL FILE AND SERVE A CASE MANAGEMENT CONFERENCE STATEMENT FIVE (5) DAYS BEFORE THIS HEARING AND BE PREPARED TO PARTICIPATE EFFECTIVELY IN THE CONFERENCE, INCLUDING BEING THOROUGHLY FAMILIAR WITH THE CASE AND ABLE TO DISCUSS THE SUITABILITY OF THE CASE FOR PRIVATE MEDIATION, ARBITRATION OR THE USE OF A SPECIAL MASTER OR REFEREE.
4. PRIOR TO THE CONFERENCE COUNSEL FOR PLAINTIFF SHALL MEET AND CONFER WITH COUNSEL FOR EACH OTHER PARTY IN AN EFFORT TO PRECISELY DEFINE THE ISSUES IN THE CASE, DISCUSS THE POSSIBILITY OF EARLY MEDIATION, THE IDENTITIES OF POSSIBLE OTHER PARTIES, AND THEIR RESPECTIVE PLANS FOR DISCOVERY.
5. UNTIL THE TIME OF THE CONFERENCE THE FOLLOWING INTERIM ORDERS SHALL BE IN EFFECT:
   a) PLAINTIFF SHALL DILIGENTLY PROCEED IN LOCATING AND SERVING EACH AND EVERY DEFENDANT. IT IS THE COURT'S INTENTION THAT EACH PARTY BE SERVED IN SUFFICIENT TIME TO HAVE ENTERED AN APPEARANCE WITHIN THE TIME ALLOWED BY LAW AND TO ATTEND THE FIRST CONFERENCE.
   b) ALL DISCOVERY SHALL BE STAYED EXCEPTING AS ALL PARTIES TO THE ACTION MIGHT OTHERWISE STIPULATE OR THE COURT OTHERWISE ORDER.
   c) NO PARTY SHALL DESTROY ANY WRITING OR OTHER EVIDENCE IN ITS POSSESSION OR UNDER ITS CONTROL WHICH BEARS IN ANY WAY UPON THE MATTERS WHICH ARE THE SUBJECT OF THIS LITIGATION.
   d) WITHIN THE TIME FOR ANY PARTY TO FILE AN ANSWER OR DEMURRER SUCH PARTY MAY ALTERNATIVELY FILE A NOTICE OF GENERAL APPEARANCE. IN SUCH EVENT THE TIME FOR FILING OF AN ANSWER OR DEMURRER SHALL BE EXTENDED TO TWENTY (20) DAYS FOLLOWING THE FIRST CONFERENCE UNLESS THE COURT SHALL, AT THAT TIME, SET A DIFFERENT SCHEDULE.
   e) COUNSEL FOR EACH PARTY SHALL DO A CONFLICT CHECK TO DETERMINE WHETHER SUCH COUNSEL MIGHT HAVE A POSSIBLE CONFLICT OF INTEREST AS TO ANY PRESENT OR CONTEMPLATED FUTURE PARTY.

BY ORDER OF THE COURT

**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org

F. Li
Court Executive Officer

**SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY**

I DECLARE UNDER PENALTY OF PERJURY THAT I AM NOT A PARTY TO THE WITHIN ACTION OR PROCEEDING; THAT ON THE DATE BELOW INDICATED, I SERVED A COPY OF THE FOREGOING NOTICE BY DEPOSITING SAID COPY ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID IN THE UNITED STATES MAIL AT MARTINEZ, CA AS INDICATED ABOVE.

DATE: 6/16/2025

BY: C. PADILLA DEPUTY CLERK

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR CASE NUMBER: C25-01684 ON 6/16/2025:

SCOTT EDELSBERG
1925 CENTURY PARK E STE 1700
LOS ANGELES CA 90067

Electronically Filed Superior Court of CA County of Contra Costa 6/13/2025 1:06 PM By: C. Padilla, Deputy

Scott Edelsberg (SBN 330090)
**EDELSBERG LAW, P.A.**
*scott@edelsberglaw.com*
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Tel: (3050 975-3320

Jeffrey D. Kaliel (SBN 238293)
*jkaliel@kalielpllc.com*
**KALIEL GOLD PLLC**
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783

Sophia G. Gold (SBN 307971)
*sgold@kalielgold.com*
**KALIELGOLD PLLC**
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783

*Attorneys for Plaintiffs and the Class*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF CONTRA COSTA**

JOSHUA CROSS, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

TASKRABBIT, INC.,

Defendant.

Case No. C25-01684

**DECLARATION OF JEFFREY D. KALIEL REGARDING PROPER VENUE UNDER THE CONSUMER LEGAL REMEDIES ACT**

**[Cal. Civil Code § 1780(d)]**

## DECLARATION JEFFREY D. KALIEL

I, Jeffrey D. Kaliel, declare as follows:

1. I am an attorney of law and partner of the law firm KalielGold PLLC. I have personal knowledge of the matters stated herein except those matters stated on information and belief, which I believe to be true.



Processed by Court on 6/16/2025 11:36 AM

2. I am one of the attorneys representing Plaintiff in the above-captioned action and submit this declaration pursuant, which is based in part on violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et. seq., False and Misleading Advertising, Cal. Bus. & Prof. Code § 17500, et seq., and the Consumers Legal Remedies Act, California Civil Code § 1750, et seq.

3. The Class Action Complaint has been filed in the proper place for trial of this action because, upon information and belief, the named Defendant is doing business in Contra Costa County as one or more of the transactions that form the basis of this action occurred in Contra Costa County.

4. I am informed and believe that Contra Costa County is the county where Plaintiff's transaction or a substantial portion thereof occurred.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this 12th day of June, 2025, in Washington, D.C.



Jeffrey D. Kaliel